# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02425-REB-BNB

SOUTH DENVER ANESTHESIOLOGISTS, P.C.,

    Plaintiff,

v.

RYAN JAMES OBLACHINSKI, D.O.,

    Defendant.

---

# PROTECTIVE ORDER
---

The parties in the above-captioned matter, and their respective counsel and Authorized Persons, shall be bound by this Protective Order with respect to documents, answers to interrogatories, requests for admission, deposition testimony, and other information disclosed or produced by the parties (known collectively as "Confidential Information") as follows:

    1.    Documents and information produced by South Denver Anesthesiologists, P.C. ("SDA") or any of its agents or representatives concerning (a) current or former employees of SDA, including personnel or personnel-related documents or internal memoranda, (b) business information or records of SDA, (c) proprietary or confidential information or records of SDA, (d) financial or accounting information or records of SDA, and (e) any other information or records shall be treated as and designated as confidential if after reviewing the information or documents counsel for SDA in good faith believes that the information or documents are confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

    2.    Information and documents produced by Ryan James Oblachinski, D.O. ("Oblachinski") concerning private, confidential, financial, or accounting matters shall be treated

as and designated as confidential if after reviewing the information or documents counsel for Oblachinski in good faith believes that the information or documents are confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

    3. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

    4. Confidential Information shall be used for the sole, strict and limited purpose of the preparation and trial of this action, or appeal therefrom. Confidential Information may be filed with the Court and utilized as exhibits. Confidential Information shall not be disclosed, shown, or read to any person except as provided herein. Confidential Information may be disclosed only to the following persons ("Authorized Persons"):

        a. Parties;

        b.      Counsel for Parties and the members, associates, and employees of that counsel's law firm;

        c.      Independent experts retained by counsel for the parties who assist in this litigation;

        d.      The Court and its employees;

        e.      Potential witnesses and deponents and attendees of depositions; and

        f.      Other persons by written agreement of the parties.

Counsel providing Authorized Persons with documents or information to review shall inform each Authorized Person of the existence and terms of this Protective Order.

        5.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

        6.      Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "CONFIDENTIAL" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as "CONFIDENTIAL" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

        7.      Upon final termination of this action, whether by judgment, settlement, or otherwise, the terms of this Protective Order shall continue in full force and effect in regard to Confidential Information.

8.      Counsel is entitled to maintain copies of Confidential Information obtained during the course of this action so long as the Confidential Information is maintained pursuant to the terms of this Protective Order.  Counsel shall have the right to destroy copies of Confidential Information in accordance with its document retention policies.

9.      At the conclusion of the litigation, Counsel shall retrieve all copies of Confidential Information from any person to whom the information has been given.

SO ORDERED.

Dated February 2, 2007.

                                                BY THE COURT:

                                                 s/ Boyd N. Boland
                                                United States Magistrate Judge

employ\2425.DOC