**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-02425-REB-BNB

SOUTH DENVER ANESTHESIOLOGISTS, PC,

    Plaintiff,

v.

RYAN JAMES OBLACHINSKI, D.O.,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION
TO REMAND**

**Blackburn, J.**

The matter before me is **Defendant's Motion To Remand Case Back to State Court** [#13], filed December 19, 2006.  I grant the motion.

Plaintiff originally filed this action in state district court, alleging claims related to defendant's alleged violation of the non-compete provisions of his employment contract.  After defendant filed his First Amended Answer, Counterclaim and Jury Demand, plaintiff removed the action to this court on the ground that plaintiff's counterclaim for unjust enrichment, which is premised on the provisions of plaintiff's Profit-Sharing Plan, was completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").

Removal on this basis was improper.  The removal statute provides that a "defendant or defendants" may remove an action. 28 U.S.C. § 1441(a).  It is well-settled that in thus limiting the class of persons entitled to remove, Congress intended

to preclude removal by plaintiffs on the basis of a federal counterclaim. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106-09, 61 S.Ct. 868, 871-72, 85 L.Ed. 1214 (1941); *Green Tree Financial Corp. v. Arndt*, 72 F.Supp.2d 1278, 1281 (D. Kan. 1999). This same rule applies even if plaintiff is correct that defendant's counterclaim is completely preempted by ERISA. *See Cross Country Bank v. McGraw*, 321 F.Supp.2d 816, 821 (S.D. W. Va. 2004); *see also NCO Financial Systems, Inc. v. Yari*, 422 F.Supp.2d 1237, 1242 (D. Colo. 2006) (noting that state courts have concurrent jurisdiction over claims seeking to recover benefits or enforce rights under an ERISA plan); *Monmouth-Ocean Collection Service, Inc. v. Klor*, 46 F.Supp.2d 385, 393 (D.N.J.1999) (where third-party complaint contained state law claim subject to complete preemption, "the proper procedure ... would be for the third-party defendant to move to dismiss in state court").

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Motion To Remand Case Back to State Court** [#13], filed December 19, 2006, is **GRANTED**;

2. That **Plaintiff's Motion To Dismiss Defendant's First, Second, Third, and Fourth Claims for Relief** [#11], filed December 11, 2006, is **DENIED AS MOOT**;

3. That the Trial Preparation Conference scheduled for Friday, April 11, 2008, at 9:00 a.m., as well as the trial, scheduled to commence on Monday, April 28, 2008, are **VACATED**; and

4. That this case is remanded to the District Court of Arapahoe County, Colorado (where it was originally filed as Case Number 2006CV4876).

Dated July 19, 2007, at Denver, Colorado.

                                                 **BY THE COURT:**

                                                 **s/ Robert E. Blackburn**
                                                 **Robert E. Blackburn**
                                                 **United States District Judge**